Can you hear me? Yes. Thank you. My name is Ben Coleman. I represent the appellant Yuly Kroytor. This appeal from the denial of a quorum nobis petition has essentially boiled down to the second prong of the quorum nobis test which is whether there were valid reasons as to why the conviction wasn't challenged earlier and the related question of latches. On that second prong our position is that this case should be governed by Kwan that the circumstances here are similar to this court's prior decision in Kwan and therefore there were valid reasons for not challenging the conviction earlier. I think the heart of the problem with the magistrate judge's analysis in the report and recommendation is at page 11 of the excerpts of record where the magistrate judge distinguished this case from Kwan on the basis that in Kwan the petitioner was specifically advised that he could not collaterally attack or he should not collaterally attack his conviction and that is just simply wrong. That fact did not exist in Kwan. Kwan was not specifically told by his lawyer that he could not or should not collaterally attack his conviction. Kwan did the same thing that Mr. Kroytor did which is that he pursued administrative remedies first and that frankly should be the rule that it typically in civil cases when it comes to latches and delay a plaintiff is not held accountable for the period of time in which he or she is seeking administrative remedies. In addition federal courts in general want to defer the determination of constitutional questions until non-constitutional avenues of relief are here. The petition obviously raises a constitutional question under the Sixth Amendment and the course should be to pursue administrative remedies before seeking relief if that is a way that the constitutional question in a federal case can be avoided. Could you address I mean so there's a couple periods of delay here that we can look at separately. Could you address the last year or two of delay so as I understand it in 2014 it became clear that his conviction made him removable and he didn't file until May of 2016 and under circuit precedent at the time under Kwan you know it was clear that there has been a constitutional violation and because of the bad advice from counsel when he pleaded so why why was that why is that last period of delay excusable? Well I guess I would disagree that it was clear that he could seek relief under Kwan because of course by the time of 2014 the Supreme Court had decided Chaidez in 2013 and the only relevant circuit precedent I believe at the time in 2014 was the Seventh Circuit's decision that Chaidez applied both to non-advice and improper advice so the circuit authority that he was dealing with at the time tended to suggest that he could not get relief through a quorum novis petition. Then in 2015 this court decides Chan and says no Kwan is different than Chaidez and that Kwan applies retroactively. Even before Chan I mean I I guess I'll grant you know it wasn't a slam dunk but he had circuit precedent he had you know Chaidez expressly noted Kwan and distinguished that as a different situation of you know affirmative bad advice as opposed to simply not addressing the question so even if it wasn't a hundred percent clear but he still had a pretty good argument well why why shouldn't we expect people in that position to actually make the argument they have rather than simply sit and wait and hope that somebody else brings a case? Well you know I think it comes back down to Kwan again and that he's not simply sitting and waiting he is still pursuing administrative relief and in Kwan I mean Kwan could have petitioned at Jump Street so to speak but this court said that it was permissible for him to have exhausted his administrative remedies first before then seeking the petition. In addition I just would also note that you know Chan Chan itself was a divided opinion I mean this was a very unclear issue at the time Chan actually resulted in three different opinions and was a split decision with Judge Okuda dissenting so this was a an unclear issue at the time. In addition in order to file the quorum novus petition there were a variety of things that he needed to get together including in this case I would note an unusual factor about this petition is that he actually was able to obtain the declaration of the former assistant United States attorney who was handling the case and that and that and the prosecutor submitted a declaration saying that he would have considered an alternative plea to a misprison or he would have at least considered an alternative plea to a misprison of felony. So there were things that that did need to be done in order to perfect the record for this petition and when you factor in. Can I interrupt you for a second? Our analysis in this we have to be specific about what bad advice your Sixth Amendment injury so I want to be clear on what bad advice you're focusing on it seems to be that you're focusing on immigration related advice at the time that he went back to court for sentencing as opposed to anything else that his sentencing counsel told him is that correct? Yes your honor and and that is he didn't receive any advice pre plea from his lawyer but but Chan says we can't we can't attack that because that's not retroactive but we can attack misadvice and the misadvice that he received was post plea when his lawyer when his lawyer advised him that well the immigration authorities aren't going to find out about this just lay low rather than advising him well you should try to negotiate an alternative plea which seems like it's something he probably could have done or at least there's a legitimate chance that he could have done and that's the misadvice that we are attacking. So although we don't think he received effective assistance and he didn't receive effective assistance pre plea because of Chides we can't we can't challenge that because that's not retroactive but we can we can the misadvice is something that we can challenge at this stage. So I did also want to emphasize one point and I think this comes out from Kwan as well is that one of the things that the government has argued about prejudice is that well witnesses may have been lost or documents may have been lost and things like that but the relief that was ordered in Kwan was simply to adjust the sentence from a year and a day to a lesser sentence of under a year of under a year so that the defendant wouldn't be deportable as an aggravated felon. Here we're not necessarily asking that the entire conviction be vacated we're simply asking that the conviction be reformulated or reconstituted as a misprison of felony which it seems like he likely could have received I mean he'll still have a felony on his record he's still served his sentence he's paid the restitution it's not a dramatic form of relief that we're requesting and when well we do believe that this court can enter that relief because the government has not challenged our position on the fact that he did receive ineffective assistance they didn't respond to that in a briefs there's an appellate court I don't know it normally said as an appellate judge but I'd be surprised if an appellate court could basically order the government to charge somebody with a particular crime then order the district court to put in a conviction on that crime and then order the district court as to what sentence that must impose after imposing a conviction for the crime that the government's been ordered to charge that seems like a lot of power on on behalf of an appellate court well the the quorum nobis and habeas of allow the federal court to to grant a wide variety of relief on there are cases where where courts modify judgments and do things similar to this and I can certainly can provide some of those but we're not asking the court to necessarily alter the sentence it would just be modifying the judgment to a misprison of felony rather than a the current fraud conviction of course the court could just vacate the conviction that's that's a relief that a quorum nobis court can enter and of course do that but I don't think the court necessarily has to do that and if the court thinks that there needs to be further consideration of the appropriate form of relief it can remain to the district court to consider some of these matters as well we think that this court does have that authority but if the court thinks it's a better course to remanded we would certainly advocate for that as well questions I see that we'll give you some time for rebuttal thank you we'll hear from the government next good morning your honor may it please the court Matthew Morris I represent the United States the district court in this case correctly denied this petition based on the valid reasons factor from this court's hirabayashi test I think the pellant or in this case just we agree that it's really boiled down to that factor at this point so there are again the four factors one of which was never disputed that was the other other remedies aren't available the government did dispute the adverse consequences we lost that and we chose not to appeal it we we won on this valid valid reasons test and that's the really the issue before this court and the court below never reached the question of an effective assistance so that was never there's nothing before this court to review on that so to be clear that the magistrate in this case considered mr. Kroydhorst proffered excuses took everything that he said at face value accredited it and and assumed it was true and then the magistrate looked at this court's opinion in Rydell which is really the closest opinion opinion that's out there on this question of valid reasons for failing to act sooner and found that mr. Kroydhorst delay was even more egregious than the one that this court upheld in Rydell as being too egregious so Rydell I think it's instructive it's a case with a similar time period it was a nine-year delay similar to the nine-year delay in this case in that case the petitioner said I've been in prison I've actually been deported I had diminished mental capacity I didn't have money to hire a lawyer and this court found that those factors alone or in combination were not sufficient to excuse a delay in bringing the quorum novus petition and and I think the magistrate was correct and the district court was correct in adopting this that that is the closest case and it's a published opinion from this court and and the magistrate was following this court is said to do could you address the time period excuse me between China's and and Chan where it wasn't completely clear if the sort of argument was even available petitioner sure your honor first is that I think it's it is the case that we're talking about two-year period between 2014 and 2016 that's the type of length of delay that this court doesn't find appropriate but I think what's important to look at is that with this when this court looked at chai days and Chan this court in Chan said look Quan didn't actually announce a new rule so what happened in Chan was the district court had said Quan was a new rule and then did a TV lane analysis and said but Quan is is not retroactive in Chan this court said Quan did not announce a new rule so Quan is simply announcing something that was the case even before Quan so it was relying for example under on the the of or so the the requirements that a lawyer give correct advice so even if it were the case that China's announces a new rule now we've got a two-year period between China's and the failure to file the the petition but the district court I think was correct to have gone earlier and and looked at the time period from the notice to appear which is back in 2007 up until the petition in 2016 that's really what this court did in Quan so and by the way Chan was also a case where the timeliness was not a factor so Quan of the cases we've talked about this morning was a case where this court looked at timeliness under the valid reasons factor and there the court did the measurement from the time that mr. Quan received a notice to appear in 2000 was was found deportable in 2001 and then filed this quorum notice in 2002 and said that it was timely under those circumstances so if we if we take what this court did in Quan as instructive then the district court was right to have looked this from the perspective of when was he told that that his conviction was going to make him removable and that was way back in either 2007 or 2008 depending on which of the two notices to appear we're basing this off of but during that at least for some time and I think at least until 2014 he thought that he might be relief through the immigration proceedings on some other basis so why why isn't it a valid reason to want to pursue that process rather than to file what might prove to be an unnecessary quorum notice petition to have the conviction vacated well first of all just because he has an alternate route which is to go through immigration processes doesn't mean that he's excused from pursuing in this court vacating the conviction there's any number of things that ways that people might choose to try to mitigate the effects of a conviction but the quorum notice according to both this court in the Supreme Court is supposed to be reserved for these very rare circumstances so the fact that he made the choice and in fact is choosing to continue to this day to fight his immigration consequences in immigration court doesn't relieve him of the fact that he had an available remedy and he chose not to pursue it in terms of attacking the conviction so counsel I mean I think the question to follow up on judge Miller's point is what in that sort of mid period what did mr. Croyder know that that gave him notice that he had this other ability to challenge through this process that we're talking about now yeah as I went through the record it seemed like his lawyers in that mid period were saying you've got some immigration avenues available to you through family relationships or whatever but I didn't find anything that said that he was put on notice that he could try and undo this conviction that he had I mean yes he had a notice to appear that was triggered off of the conviction but did he have any advice to say that he had a way to get around that by trying to get the conviction set aside there's nothing in the record on that and and this goes to this question of whether or not this is an error the most fundamental character and so if we look at er 345 to 348 roughly the government said if you can't resolve this on the pleadings if it becomes a question of what advice did he receive from his immigration lawyers and what advice did he receive from the Hessnellion we're gonna need a hearing on that the court didn't reach that question so the court didn't reach the question of what advice was received in that perspective in that time period but I think a second answer to the court's question is there's certainly nothing in the law of this court that says that somehow a time period starts being that he has some remedy available there's and so there's none of the Hirabayashi factors talk about saying well you knew that quorum Nova specifically was a route that was available to you and here's our evidence of that because we're really gonna have that kind of evidence it would make sense that come back after the fact in this case 13 years later to say what was known by whom about what what what remedies were available what we do know is that in 2005 when he was still serving probation Quan was decided saying that quorum Novus is available for affirmative misrepresentations of counsel I'll turn briefly to this question of the latches and the government's prejudice here if I could because this is not a case where you address the prejudice can I just ask you I I can't figure out what the latches defense adds to just the normal quorum Novus analysis I mean if it's a if it's a reasonable delay then you don't have latches and if it's not a reasonable delay then you don't get quorum release what what what is this adding to just the normal quorum Novus test well there have been very few cases that have dealt with that that that question your honor so I would point the court one of them would be Rydell there's actually some discussion at the end of Rydell about the interrelationship between the valid reasons test in Hirabayashi and latches what I can say is that this court has said they are separate this court has said they are that one is not a purely a subset of the other so I think the courts question is getting to isn't latches just a subset of valid reasons well I know that the Ninth Circuit has said that and I'd look for an explanation and I can't I can't I can't figure out how someone how the government could win on latches while losing under the normal quorum Novus test I think part of the answer to that I think would be to look at the language so Hirabayashi says valid reasons exist for not attacking it sooner whereas latches talks about reasonable diligence and so I think you have to read or infer from that that the court has said that there will be some set of cases out there where you might satisfy Hirabayashi's valid reasons test but that you will still lose on the due diligence which is a separate separate language so you could be you could have valid reasons but you still didn't do the due diligence likely than taking into consideration the nature of the government suffered from the delay so I think the more direct answer to the court's question is Rydell talks briefly about this and there were two claims there both of which were barred by the valid reasons test of Hirabayashi but the court then went into some latches discussion and said well one of them would be barred by latches and one would not but it did not really explicitly answer the question that the court has about what exactly is that that amount of daylight or what's the Venn diagram of these two subsets I see I'm very short on time I'll just I'll just mention if the court would look to er 205 to 207 that was my declaration where I spelled out the things that I did to try to investigate whether we could defend this petition or reprosecute the case and and sort of the roadblocks that I met in trying to find that evidence and then I think judge Schultz to answer your question this question of whether or not the court can order the government to charge misprison and then take the plea and then sentence him we also addressed that in our briefing before the district court and really it can't that really would be a serious constitutional problem where a court whether it's district court of appeals is ordering the government you shall charge him with a particular crime so that we can let him plead to that crime and we addressed that in our briefing below also roughly er 3e 50 I think but I give or take five pages I see him out I'll answer any other questions the court might have if not I'll simply ask the court to affirm thank you counsel and mr. Coleman we'll give you two minutes for rebuttal thank you your honor I just want to focus on that period from 2014 to 2016 since there have been some questions about in 2014 he learns that the strong likelihood is that the immigration courts aren't going to give you relief because they're going to consider your conviction to be an so it's not looking too good in immigration court but at that time he also has some serious problems with the quorum Novus petition because in 2013 in China as a Supreme Court says that the D is not retroactive and then the Seventh Circuit which is the only court at the time to consider it says well China's also applies to erroneous advice as well so he's got a problem there as well um and so it's reasonable and would be a valid reason to say well we'll continue with the immigration relief because we've got problems on both ends then in July of 2015 is when this court decides chant and this court says that um no that Quan is applies retroactively misadvice applies retroactively this is different than shyness so at that point now he knows okay I've got a I've now got a good chance in in in quorum Novus relief and then he goes forward with that now he files the petition in May of 2016 I and that is I guess about nine nine ten months after China's in that time he does a variety of things including getting the declaration from a USA which I had mentioned but I also think that this court can look at 28 USC 2244 which basically sets a one-year deadline once the cases once law is determined to apply retroactively that a petitioner one year to file a petition and he is within that year period because Chan comes out in July of 2015 and then he files in May of 2016 and so I think that there are valid reasons for not filing the petition any earlier and that the case should at least be sent back for a remand to consider the other issues in the case or that this court has the authority to consider helpful arguments and the case is submitted
judges: Miller, Hunsaker, Schiltz